UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x

DAVID A. GOMES and CAMEILA N.
GOMES,

Plaintiffs,

- against -

RICARDO GONSALVES and BIBI
GONSALVES,

Defendants.

-------------------------------------------------x

Plaintiffs, for their complaint, allege:

1.   Jurisdiction of this court is based on the diversity of citizenship of the

parties pursuant to 28 U.S.C. §§1332(a)(1) and (2).  Venue is based on 28 U.S.C. §1391(a)(1).

2.   Plaintiff David A. Gomes is a citizen of the state of Texas, residing at

14215 Chevy Chase Dr., Houston, Texas 77077.

3.   Plaintiff Cameila N. Gomes is a subject of the United Kingdom, a foreign

state.  Said plaintiff resides at 28 Alfreda Court, Battersea, London SW11 5HQ, England, U.K.

4.   Defendants are citizens of the state of New York.  Defendants reside at

2401 Cortelyou Road - Apartment 20, Brooklyn, New York 11226.

5.   The amount in controversy exceeds the sum of $75,000.00, exclusive of

interest and costs.

### First Count

6.   Prior to January 2002, plaintiffs lent to the defendants the sum of

$98,086.85.



7.    Said loan was payable on demand.

8.    Plaintiffs have demanded the repayment of the sum of $98,086.85 from the defendants but the defendants have failed and refused to repay such amount.

9.    By reason thereof, defendants owe the plaintiffs the sum of $98,086.85.

### Second Count

10.   Plaintiffs repeat paragraphs "1" through "9", inclusive, above.

11.   In or about the month of September 1977, defendants fraudulently proposed to plaintiff Cameila Gomes that said plaintiff and defendant Bibi Gonsalves (plaintiff's sister) purchase together a house located at 1392 E.58th Street, Brooklyn, N.Y.

12.   Such proposal was, in fact, not an honest offer to participate in a real estate transaction, but part of a scheme and plan by the defendants to defraud, cheat and dupe said plaintiff out of capital she believed she would be investing in the house.

13.   Said plaintiff, who was unfamiliar with the laws and customs of America and unsophisticated in business matters, agreed to the defendants' proposal, and in justifiable reliance thereon, contributed the sum of $40,349.00 toward the down payment and closing costs.

14.   At the time and place for the closing of said purchase, the defendants represented to the said plaintiff that because she was not a United States citizen, she could not sit at the closing with them and that their attorney had advised them that said plaintiff's name could not appear on the deed to the property being purchased because she was "just a visitor in America".

14.   Said defendants further represented to said plaintiff that they "would put the house in both their names" and that it was "just a formality because everyone knows we bought the house together" and said plaintiff "would have all the rights with regard to the house" because said plaintiff "is half owner of the house".

15.     Said representations were false when made and known to be false by the defendants, who made such statements for the express purpose of cheating and defrauding the said plaintiff.

16.     Between September 1997 and May 2002, in justifiable reliance on defendants' representations that she was "half owner of the house", said plaintiff contributed mortgage payments totaling $57,737.85 with respect to the said property.

17.     In or about June 2002, the house was sold by the defendants.

18.     Upon the sale of the house, defendants informed the plaintiff that she had, in fact, never been an owner of the said premises and that she would not receive any part of the proceeds of the sale.

19.     Defendants have retained for their own account the total proceeds of the sale of the said premises.

20.     Defendants used their position of trust with the plaintiff due to their family relationship with the plaintiff and plaintiff's lack of sophistication and ignorance of the laws and customs of the United States of America in order to dupe, cheat and defraud the plaintiff out of her investment capital in said premises and the payments used to service the mortgage thereon.

21.     Defendants acted intentionally, fraudulently, oppressively, maliciously and in complete disregard of civil obligations.

WHEREFORE, plaintiff demands judgment granting compensatory damages in an

amount to be determined by the court but in no event less than $98,086.85 and punitive damages

of not less than $200,000.00.

Dated:   Mineola, N.Y.
         January 17, 2003

                                          Mark M. Horowitz - 6920
                                          Attorney for plaintiffs
                                          300 Old Country Road
                                          Mineola, N.Y. 11501
                                          (516) 773-3250